UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD L. McPEEK | ) |
| Plaintiff, | ) |
| v. | ) Case no. |
| TEXTRON, INC. d/b/a/ KAUTEX | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Richard L. McPeek ("McPeek"), for his causes of action against the Defendant, Textron, Inc. d/b/a Kautex, Inc. ("Kautex"), states and alleges as follows:

### I.   INTRODUCTION

1. This is an action by McPeek against Kautex stemming from its termination of McPeek's employment on December 16, 2019. On February 13, 2020, McPeek filed a Charge of Discrimination against Kautex alleging disability discrimination under the Americans with Disabilities Act ("ADA"). On August 12, 2020, the EEOC issued its Notice of Rights. McPeek is bringing claims against Kautex under the ADA, the Family Medical Leave Act ("FMLA") and the Employee Retirement Income Security Act ("ERISA"). McPeek seeks all legal and equitable relief available including lost pay and benefits, future lost pay and benefits, damages for emotional distress, embarrassment and humiliation, liquidated damages, costs and attorney's fees.

### II.   PARTIES

2. McPeek is an individual citizen and resident of Fort Wayne, Allen County, Indiana.

3. Textron, Inc. d/b/a/ Kautex is a foreign for-profit corporation organized and existing under the laws of the State of Delaware with a principle place of business at 40

Westminster Street, Providence, RI, 02903, with a manufacturing plant (where McPeek was employed and terminated) located at 210 Green Street, Avilla, Noble County, Indiana.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action by virtue of federal question jurisdiction under 28 U.S.C §1331 because these claims arise out of statutes of the United States of America, specifically the ADA, FMLA and ERISA.

5. Venue is appropriate in this Court pursuant to 28 USC § 1391, as Kautex operates in and is a citizen of this judicial district and as all of the events or omission giving rise to the claim occurred in this judicial district.

### IV. FACTS

6. McPeek incorporates by reference paragraphs 1-5 of his Complaint as if same were fully set forth herein.

7. McPeek began his employment with Kautex in September 2010 and worked for Kautex at its plant located in Avilla, Noble County, Indiana as a Production Operator.

8. As an employee with Kautex, McPeek was a participant in and beneficiary of the Kautex's Employee Welfare Benefit Plan through United Healthcare providing health insurance to McPeek and his family and through MetLife providing short term disability benefits.

9. In July 2019, McPeek was diagnosis with a serious medical condition (viral Meningitis) that required a medical leave of absence and short term disability benefits.

10. McPeek's request for medical leave and short term disability benefits were approved and McPeek was on medical leave from July 2019 through September 30, 2019.

11. Prior to returning to work on September 30, 2019, McPeek presented Kautex's Human Resources Manager with work restrictions from McPeek's doctor that stated that McPeek was to be limited to 8-hour work-days.

12. While McPeek was off work on medical leave, he was in the hospital several times.

13. When McPeek returned to work at Kautex on September 30, 2019, Human Resources seemed indifferent towards him and he felt as though they were mad at him.

14. On or about September 30, 2019, McPeek sat down with Human Resources asking them for an update regarding how much FMLA leave he had remaining and the number of absences and personal time that he had available to him.

15. During this time, McPeek's child was requiring extensive medical treatment for a serious medical condition resulting in substantial medical expenses being submitted to United Healthcare (the Plan) for payment. Due to his child's serious medical condition and resulting necessary medical treatment, McPeek was approved for and used intermittent FMLA leave.

16. On or about December 16, 2019, McPeek was a couple of hours late for a 12-hour shift (note that McPeek had a work restriction from his doctor limiting him to 8-hour work-days, something that Kautex was aware of but constantly ignored). McPeek spoke with the shift coordinator, apologized for being late and worked the remaining approximate 7 hours in his shift.

17. As of December 16, 2019, McPeek was still suffering from residual symptoms of his viral Meningitis which was the basis of McPeek's doctor wanting to limit McPeek to 8-hour workdays.

18. At the end of his shift on December 16, 2019, the shift coordinator and human resources notified McPeek that he was being was terminated for alleged excessive absences. McPeek explained that he still had two days from October 2019 (16 hours of FMLA leave) and

that Kautex had not applied them as a credit and he should not have been pointed out by Kautex. However, McPeek was told by Kautex's human resources that there were two absences in January 2019 that turned out not to be covered as approved FMLA leave so, therefore, he had pointed out.

19. McPeek believes that Kautex's reason for terminating him was a pretext.

20. Prior to being terminated, McPeek had had approximately three meetings with human resources to confirm where he stood on absences, available personal time, FMLA leave, and vacation. At no point did human resources ever make any mention of absences not being covered as approved medical leave in January of 2019.

21. At the time of his termination, McPeek had four more work-days (until December 20, 2019) before plant shutdown (over Christmas break) which would have resulted in his absences, personal time, and vacation time, all being reset.

22. At the December 16, 2019 meeting with human resources, McPeek felt as though he was being accused of abusing FMLA leave and he felt as though he was being retaliated for having used FMLA leave.

23. At the time of his termination, McPeek also felt as though Kautex wanted to get rid of him because he and his family were incurring significant medical expenses that were being submitted to and paid by the Plan.

24. On or about February 13, 2020, McPeek filed a Charge of Discrimination with the Fort Wayne Metropolitan Human Relations Commission and also filed same with the EEOC, a copy of which is attached to this Complaint as Ex. 1.

25. On or about August 12, 2020, the EEOC issued its Notice of Rights, a copy of which is attached to this Complaint as Ex. 2.

26. As a direct result of the wrongful termination, McPeek has suffered damages including lost pay and benefits, future lost pay and benefits, damages for emotional distress, embarrassment and humiliation, liquidated damages, costs and attorney's fees.

## V. STATEMENT OF CLAIMS

### COUNT I – Disability Discrimination under the ADA

27. McPeek incorporates by reference paragraphs 1-26 of his Complaint as if same were fully set forth herein.

28. Kautex violated the Americans with Disabilities Act, 42 U.S.C. 126 § 12101 et seq., ("ADA") by failing to accommodate McPeek with respect to his work restriction when Kautex could have easily done so.

### COUNT II - ERISA Violations

29. McPeek incorporates by reference paragraphs 1-26 of his Complaint as if same were fully set forth herein.

30. McPeek was terminated from his employment with Kautex because he was using the benefits under the Kautex's health insurance plan and short term disability plan, both of which McPeek asserts were Employee Welfare Benefit Plans, in violation of § 510 of ERISA, 29 U.S.C. § 510.

### COUNT III - FMLA Violations

31. McPeek incorporates by reference paragraphs 1-26 of his Complaint as if same were fully set forth herein.

32. McPeek asserts that his discharge was in violation of the FMLA and that his discharge from employment constitutes unlawful interference and/or retaliation under the FMLA.

33. McPeek asserts that he was entitled to leave that, if applied correctly, would have resulted in him not exceeding Kautex's absence policy. McPeek also asserts that Kautex retaliated against him for his use of FMLA leave and intermittent FMLA leave.

## VI. PRAYER FOR RELIEF

WHEREFORE, Richard L. McPeek, by counsel, requests the following relief:

1. An order of the Court granting judgment in his favor;
2. An award of damages sufficient to compensate him for his losses including, but not limited to the following:
    a. back pay;
    b. front pay;
    c. liquidated damages, if appropriate;
    d. compensatory damages to compensate him for his embarrassment, humiliation, and emotional distress;
3. Pre-judgment interest;
4. Cost of this action;
5. Reasonable attorney's fee;
6. Any and all other relief appropriate and just under the circumstances.

## JURY DEMAND

Plaintiff, Richard L. McPeek hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**THEISEN & ASSOCIATES, LLC**

/s/ Nathaniel O. Hubley
John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
810 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: 260-422-4255
*Attorneys for Plaintiff*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | EC-0034-A20<br>24D-2020-00128 |
| City of Fort Wayne Metro Human Relations Commission | | and EEOC |
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Richard L. McPeek | | 1973 |

Street Address: 11328 Westwind Drive, Fort Wayne, IN 46845

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| KAUTEX | 101 - 200 | (219) 897-3250 |

Street Address: 210 Green Street, P.O. Box 795, Avilla, IN 46710

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-16-2019    Latest: 12-16-2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual with a disability that has worked for Kautex from September 20, 2010, until I was terminated on December 16, 2019. In July 2019, I received a medical diagnosis and was off work until September 29, 2019. When I returned to work on September 30, 2019, I was placed on restrictions that would not allow me to work over eight (8) hours a day. While I was on restrictions, Kautex would mandate me overtime and forced me to work more than eight hours in a day.

On December 16, 2019, I was terminated for allegedly violating the attendance policy. Moreover, Kautex failed to reasonably accommodate my restrictions resulting in my termination.

For these reasons, I feel Kautex failed to reasonable accommodation my disability in violation of Americans with Disabilities Act Amendment Act of 2008.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 13, 2020 — Richard McPeek (Charging Party Signature)

NOTARY – When necessary for State and Local Agency Requirements

MARK DARNELL BURKS, Notary Public
Allen County, State of Indiana
Commission Number 696764
My Commission Expires February 15, 2025

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: Richard McPeek
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 2/13/20

EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EC-0034-A20 24D-2020-00128 |

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Feb 13, 2020 _____ Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |